## Roland *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Grade crossings—Safety gates—Watchman.*

1. In a case against a railroad company growing out of an accident at a grade crossing, the failure of the company to have the safety gates lowered is evidence of negligence on the part of the defendant to be taken into consideration by the jury in passing upon that question, but is not, in itself, without regard to anything that is proven, conclusive evidence of negligence.

2. The fact that a watchman may not have been able to read or write, nor tell the time by watch or clock, is immaterial if there is nothing to show that he was not able to discharge the duties for which he was employed, or that his alleged ignorance contributed in any way to an accident at the crossing.

Argued Feb. 16, 1909. Appeal, No. 250, Jan. T., 1908, by defendant, from judgment of C. P. Lebanon Co., June T., 1907, No. 163, on verdict for plaintiff in case of Christiana Roland v. Philadelphia & Reading Railway Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before EHRGOOD, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $9,000. Defendant appealed.

*Errors assigned* among others were (3) in charging the jury that the defendant was negligent; (6) answer to plaintiff's seventh point, which was as follows:

7. If the jury believe that the watchman employed by the defendant company at the Front street crossing could not read or write, could not read the time table of the trains or the rules and regulations governing his conduct, and could not tell the time by the watch or clock, he was incompetent to perform the duties of his position, and if the defendant company, with knowledge of these facts retained him in its employ, it was guilty of negligence. *Answer:* That is affirmed. [6]

*Charles H. Killinger* and *Howard C. Shirk,* for appellant.— The fact that the safety gates are open does not excuse the failure to stop, look and listen: Greenwood v. Railroad Co., 124 Pa. 572; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297; Burd v. P. W. & B. R. R. Co., 25 W. N. C. 250.

There was no admission made by the defendant in the trial of this case that there had been any negligence on its part; that was entirely a question for the jury under conflicting parol testimony.

The law seems well established that the fact that safety gates are open, while it may be evidence of negligence, is not negligence per se: Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297; Matthews v. Railroad Co., 161 Pa. 28.

The employment of a watchman unable to read, write, speak English, or tell the time by the clock, does not in itself establish the negligence on the part of a railroad company, in an action wherein such defects do not contribute to the accident: Mo. Ry. v. Jackson, L. R. 3 App. Cas. 198.

*Robert L. Adams,* with him *Paul G. Adams* and *John Benson,* for appellee.—Where there are safety gates and a gateman, and where the traveler's view is obstructed, he is not guilty of negligence per se in driving across the railroad tracks at the beckoning of the gateman on duty, without stopping: Penna. R. R. Co. v. Horst, 110 Pa. 226; P., W. & B. R. R. Co. v. Conway, 112 Pa. 511; P. & R. R. R. Co. v. Boyer, 97 Pa. 91; Fennell v. Harris, 184 Pa. 578; Coleman v. Penna. R. R. Co., 195 Pa. 485; Ayers v. Railway Co., 201 Pa. 124; McCarthy v. P. & R. Ry. Co., 211 Pa. 193.

Safety gates are not only an absolutely sure way of warning travelers of the approach of trains when closed, but the Supreme Court has also held that when open they blunt the edge of caution and are an actual invitation to the traveler to cross: Roberts v. Canal Co., 177 Pa. 183; Cohen v. P. & R. Ry. Co., 211 Pa. 227; Railway Co. v. Frantz, 127 Pa. 297; P. & R. R. R. Co. v. Killips, 88 Pa. 405.

OPINION BY MR. JUSTICE BROWN, May 17, 1909:

The negligence of the defendant company and the contributory negligence of the deceased were for the jury. Neither question could have been taken from them. The contributory negligence of the deceased was submitted under instructions free from error, but the negligence of the defendant was taken from the jury, the trial judge instructing them that it had been negligent. For this error the judgment must be reversed.

As the team approached the crossing the safety gates were up. From the testimony of Mohn, a witness to the accident, called by the plaintiff, it is uncertain whether the watchman or gateman was at the crossing at the time the team was approaching; but because the undisputed evidence was that the gates were up, the court declared, as a matter of law, that the defendant was negligent, and instructed the jury to so find without regard to any other testimony in the case. By this they, of course, understood that the negligence which made the railroad company responsible for the collision was the failure to have the gates lowered as the team approached. The failure to have them lowered was evidence of negligence on the part of the defendant, to be taken into consideration by the jury in passing upon that question, but was not, in itself, without regard to anything else that was proven, conclusive evidence of negligence: Lake Shore & M. S. Ry. Co. v. Frantz, 127 Pa. 297; Matthews v. Philadelphia & Reading R. R. Co., 161 Pa. 28. From other testimony in the case, if believed by the jury, they could fairly have found that the defendant had not been guilty of negligence. Witnesses called on its behalf testified that, for a distance of over seventy feet between a cooper shop and the track on which the collision occurred,

there was an unobstructed view of 1,300 feet in the direction from which the train was coming; that between the watch box and the track—a distance of more than forty feet—there was such a view of from 1,500 to 1,800 feet; that the whistle was blown at the whistling post east of the crossing and the bell rung from that point up to the crossing. If the jury had believed this, a proper conclusion might have been that the company had not been negligent; but they were not permitted to consider this testimony, and the first and third assignments of error must be sustained.

Another error into which the court fell was in affirming plaintiff's seventh point. The watchman may not have been able to read or write, nor to tell the time by watch or clock, but there was no evidence that he could not see and hear a train approaching, whether running on schedule time or not. There was nothing to show that he was not able to discharge the duties for which he was employed, and his alleged ignorance, as set forth in the point, had no relevancy to the issue and did not contribute in the slightest degree to the accident.

The judgment is reversed and a venire facias de novo awarded.